UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAMUEL VERDIN,<br><br>                  Plaintiff,<br><br>      v.<br><br>KATHLEEN ALLISON, *et al.*,<br><br>                  Defendants. | Case No. ED CV 22-00597-DMG (SSC)<br><br>**ORDER ACCEPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE** |

      Pursuant to 28 U.S.C. § 636, the Court has reviewed all of the records herein, the Report and Recommendation of United States Magistrate Judge, and Plaintiff Samuel Verdin's Objections to the Report and Recommendation. The Court has engaged in a *de novo* review of those portions of the Report and Recommendation to which Plaintiff has objected.

      In this prisoner civil rights action, the Report and Recommendation ("Report") recommends dismissal of Plaintiff's third amended complaint with leave to amend only an Eighth Amendment claim for delayed and/or inadequate medical care. [Doc. # 32.] Plaintiff's objections to the Report [Doc. # 35] do not warrant a change to the Magistrate Judge's findings or recommendations.

1    Plaintiff objects that the Magistrate Judge seems "hostile to
2 Plaintiff's claims." *Id.* at 3. To the extent that Plaintiff is alleging
3 judicial bias, this conclusory objection fails to establish it. *See United*
4 *States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 566 (9th Cir. 1995)
5 ("mere conclusory allegations" are "insufficient to support a claim of
6 bias or prejudice such that recusal is required") (citing *United States v.*
7 *Sibla*, 624 F.2d 864, 868 (9th Cir. 1980)); *Yagman v. Republic*
8 *Insurance*, 987 F.2d 622, 626 (9th Cir. 1993) (mere speculative
9 assertions of invidious motive are insufficient to show judicial bias).
10   Plaintiff objects that Defendants are not mere prison officials but
11 instead are peace officers under California law and, therefore, are not
12 "entitled to the commonly held deferential standards afforded to prison
13 officials/staff under the Eighth and Fourteenth Amendments." [Doc. #
14 35 at 3–5.] This objection does not undermine the Report's review
15 under the applicable standards for Plaintiff's Eighth and Fourteenth
16 Amendment claims. For his Eighth Amendment claim, Plaintiff was
17 required to provide allegations that would "objectively show that he was
18 deprived of something sufficiently serious [and] make a subjective
19 showing that the deprivation occurred with deliberate indifference to
20 the inmate's health or safety." ([Doc. # 32 at 5 (quoting *Lemire v. Cal.*
21 *Dep't of Corr. & Rehab.*, 726 F.3d 1062, 1074 (9th Cir. 2013).) For his
22 Fourteenth Amendment claim, Plaintiff was required to provide
23 allegations that would show more than the mere "denial of an inmate's
24 grievances." (*Id.* at 27. Under these applicable standards, Plaintiff's
25 allegations were insufficient.
26   Plaintiff objects that his state law claims are not barred in an
27 action under 42 U.S.C. § 1983. [Doc. # 35 at 5–7.] As the Report found,
28 however, "violations of state law are not cognizable under § 1983."

[Doc. # 32 at 17 (citing *Barry v. Fowler*, 902 F.2d 770, 772 (9th Cir. 1990).] Although Plaintiff attempts to distinguish *Barry* [Doc. # at 5–6], the Report's reliance on it was proper. Under § 1983, "in order to prevail [Plaintiff] must . . . prove deprivation of a federal constitutional or federal statutory right." *Barry*, 902 F.2d at 772. An alleged violation of state law does not suffice. *See id.* And although Plaintiff makes a related argument about supplemental jurisdiction of his state tort claims [Doc. # at 6–7], the Report properly found that "the Court should not exercise pendent jurisdiction over them in light of the recommendation that all of Plaintiff's COVID-19 related Eighth Amendment claims be dismissed." [Doc. # at 17 (citing *Gini v. Las Vegas Metro. Police Dep't*, 40 F.3d 1041, 1046 (9th Cir. 1994).]

      Plaintiff objects that Defendants' response to the risks of COVID-19 was not reasonable. [Doc. # 35 at 7–9.] The objection does not undermine the Report's finding that Plaintiff did not plead facts "showing the unreasonableness of the measures allegedly employed to attempt to mitigate the effects of a fast-moving and fast-evolving pandemic in an institutional setting, particularly given the contemporary uncertainty regarding not only the nature of the virus but also the efficacy of various containment or mitigation strategies." [Doc. # 32 at 10 (citing *Hall v. Allison,* 2022 WL 3013162, at *11 (C.D. Cal. July 18, 2022), and similar cases).] And although Plaintiff also objects that there was supervisory liability [Doc. # 35at 8], he has not alleged that any supervisors "were personally involved in, or 'culpable for action or inaction, in supervision or control of [their] subordinates, acquiesced in Plaintiff's alleged constitutional deprivation, or showed a reckless or callous indifference to Plaintiff's rights.'" [Doc. # 32 at 14 (quoting

1 *McKissick v. Gastelo*, 2021 WL 6617389, at *6 (C.D. Cal. Aug. 20,
2 2021).]
3     Plaintiff objects that tort-like acts by government actors, no
4 matter the source of law, can be remedied under 42 U.S.C. § 1983.
5 [Doc. # 35 at 9–10.]  This objection does not overcome the Report's
6 determination that violations of state law are not cognizable and that
7 the Court should not exercise pendent jurisdiction over Plaintiff's state
8 tort claims in light of the dismissal of the COVID-19 related Eighth
9 Amendment claims.  [Doc. # 32 at 17.]
10     Plaintiff objects that his allegations regarding treatment for his
11 injuries incident to his recreational activities were, contrary to the
12 Report's finding, more than threadbare.  [Doc. # 35 at 10–11.]  This
13 objection does not overcome the Report's finding that Plaintiff failed "to
14 state when, to whom, or by what means such 'requests' [for medical
15 treatment] were made."  [Doc. # 32 at 24.]  Nevertheless, Plaintiff will
16 have an opportunity to raise this claim in a fourth amended complaint
17 because it is not readily apparent that he cannot allege a constitutional
18 violation.  *Id.* at 26.
19     Plaintiff objects that his due process claim was adequately stated
20 on pages 11 to 12 of the third amended complaint.  [Doc. # 35 at 11.]  On
21 these pages, Plaintiff alleges he filed several grievances regarding
22 inadequate treatment.  [Doc. # 30 at 11–12.]  This allegation does not
23 undermine the Report's finding that "[a] prison official's denial of an
24 inmate's grievances, without more, cannot serve as a basis for § 1983
25 liability."  [Doc. # 32 at 27 (citing *Ramirez v. Galaza*, 334 F.3d 850, 860
26 (9th Cir. 2003) ("inmates lack a separate constitutional entitlement to a
27 specific grievance procedure") and similar cases).]
28

1  The Court accepts the findings and conclusions of the Magistrate
2  Judge in the Report and Recommendation.
3  IT IS ORDERED that as to the third amended complaint: (1) all
4  state law claims are dismissed without leave to amend but without
5  prejudice; (2) all federal claims except Plaintiff's Eighth Amendment
6  claim for delayed and/or inadequate medical care are dismissed with
7  prejudice and without leave to amend; and (3) the Eighth Amendment
8  claim for delayed and/or inadequate medical care is dismissed with
9  leave to amend.
10  Within 30 days of this order, Plaintiff may file a fourth amended
11  complaint containing only an Eighth Amendment claim for delayed
12  and/or inadequate medical care that remedies the deficiencies outlined
13  in the Report and Recommendation which has been adopted by this
14  Court.

16  DATED: December 30, 2024

_____
DOLLY M. GEE
CHIEF UNITED STATES DISTRICT JUDGE

5